Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 11-30398

v.

RICKY LEE RODRIGUEZ,

*Defendant.*
_____/

## ORDER OF DETENTION PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.      Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX     (1)     The Government moved for detention at Defendant's first appearance pursuant to:

          XX     18 U.S.C. § 3142(f)(1).

          __     18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__     (1)     Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__     (2)     The offense described in finding was committed while Defendant was on release

        pending trial for a federal, state or local offense.

___ (3) A period of less than five years has elapsed since

    ___ the date of conviction, **or**

    ___ Defendant's release from prison for the offense described in finding (B)(1).

___ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.** **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

    ___ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    ___ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    ___ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    ___ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    ___ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    ___ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.** **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

___ (1) There is a serious risk that Defendant will not appear.

___ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>   by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

<u>  </u>   by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

<u>  </u>   both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will therefore consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves a domestic assault upon a member of the Saginaw Chippewa Native American Tribe. I find from review of the affidavit supporting the Complaint filed against Defendant that there is a definite weight of evidence supporting the charge.

As to subsection 3142(g)(3), I find that Defendant is currently 19 years of age. At the time of the alleged incident, Defendant was living with the complainant. Counsel for Defendant has offered that Defendant's parents are willing to take in Defendant.

Data provided by the Law Enforcement Information Network indicates that, in September 2008, Defendant was charged with felony assault and, in January 2009, he pleaded guilty as a juvenile to attempted assault upon a police officer. In June 2008, Defendant was charged with

misdemeanor assault and in March 2009, again as a juvenile, he was convicted of misdemeanor assault upon a police officer and/or assault and battery. In June 2009, Defendant was charged and ultimately pleaded guilty to felony assault upon a police officer and resisting and obstructing. He was sentenced to nine months' incarceration, to be served concurrently with another charge, and two years' probation. The other charge was laid in August 2009, and Defendant pleaded guilty to a second felony assault upon a police officer and was sentenced as described earlier. Defendant also pleaded guilty to a misdemeanor minor-in-possession-of-alcohol charge. Defendant was therefore on probation at the time of the incident alleged in the Complaint. Although the Government represents that Defendant absconded from probation, I find that fact uncorroborated and of no weight in the consideration of the motion to detain.

In light of Defendant's consistent history of assaultive crimes, I conclude that were Defendant placed on bond, he would pose a definite risk of harm to the community, and specifically to the victim. Because Pretrial Services is prohibited by operation of 18 U.S.C. § 3156(b)(2) from administering any bond conditions that I set in this case, I am unable to craft any set of conditions which I believe will reasonably assure the safety of the community, or of the alleged victim. In doing so, I note Defendant's family's willingness to take Defendant in, and while this is laudable, it appears from the information before me that in spite of the family's best intentions, they have been unable for at least the last three years to control Defendant's conduct to the degree that I conclude would be absolutely necessary in a case such as this. For all these reasons, the Government's motion to detain will be **GRANTED.**

## Part III - Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                        s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: August 16, 2011                  United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this order was electronically filed this date, electronically served on Shane Waller and Elias Escobedo, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: August 16, 2011        By    s/*Jean L. Broucek*
                                          Case Manager to Magistrate Judge Binder